### EVELINE B. CASTILLO v. ANNA F. ELLIOTT, Executrix.

A final account of administration of the estate of *W. St. J. E.*, deceased, administrator of *H. L. C.*, deceased, was rendered by the defendant. The widow C., on behalf of herself and of a minor daughter, specially opposed certain items, and prayed that the administrator might be charged with the value of a gin house, etc., belonging to *H. L. C.'s* estate, which were consumed by fire during *W. St. J. E.'s* administration. Three of the heirs of *H. L. C.*, one of whom was the plaintiff herein, filed general opposition, but did not seek to charge the administrator with the value of the gin house. A judgment was rendered on plaintiff's opposition against the administrator for $2,679 08. That judgment was not appealed from and is not now appealable.

The plaintiff brought the present action against defendant, as administratrix of said *W. St. J. E.*, to recover damages sustained, as one of the heirs of *H. L. C.*, by the burning of the gin house above mentioned. The defendant plead the aforesaid judgment in bar of this action.

*Held :* that the plea was well taken. That judgment liquidated the account between the deceased administrator and the heirs, and particularly the balance due by the former to this plaintiff.

APPEAL from the District Court of the parish of Concordia, *Ratliff*, J. *J. N. Brickell*, for plaintiff and appellant. *H. B. Shaw*, for defendant.

BUCHANAN, J. A final account of administration of the late *William St. John Elliott*, administrator of *Henry L. Conner's* estate, was rendered by said *Elliott's* widow, defendant herein. This account was rendered, after *Mr. Elliott's* death, to the court which had appointed him administrator, and must have been notified to the widow and heirs of *Conner*, for they all filed oppositions to the account. The widow *Conner*, on behalf of herself and a minor daughter, specially opposed certain items of the account, and prayed that the administrator might be charged with the value of a gin house and of a large quantity of cotton belonging to *Conner's* estate, which were consumed by fire during *Elliott's* administration, and which, at the time of being so destroyed, were not insured. Three of the heirs of *Conner*, one of whom was *Mrs. Castillo*, plaintiff herein, filed general oppositions to the said final account of administration, requiring strict proof of the several items of said account, but did not seek to charge the administrator, as their mother had done, with the value of the gin house and cotton burnt. The parties went to trial upon these issues, and a judgment was rendered on the 20th December, 1855, which fixed the balance of account due at that date to the present plaintiff, as one of the heirs of *Henry L. Conner*, by the administrator (or rather by the estate of the administrator,) at two thousand six hundred and seventy-nine dollars and eight cents. That judgment was not appealed from, and is not now appealable. But the plaintiff has brought the present action, by petition filed the 2d October, 1856, against the defendant, as representative of *William St. John Elliott*, for the sum of three thousand five hundred dollars for damages sustained by plaintiff as one of the heirs of *Conner's* estate, by the burning of the gin house and cotton above mentioned. The defendant plead, in bar of this action, the judgment of the 25th December, 1855, upon the final account of *Elliott's* administration, rendered by his widow. And we think the plea well taken.

That judgment liquidated the account between the deceased administrator and

CASTILLO
v.
ELLIOTT.

the heirs, and particularly the balance due by the former to this plaintiff. The claim which forms the object of the present suit, has not arisen since that judgment; and plaintiff does not allege that it was unknown to her when she filed her opposition to the account. Nor could she do so. For this very claim was the subject of an opposition which had been previously filed by her mother and co-heir; although it formed no part of her own opposition.

Judgment affirmed, with costs.